1  CUAUHTEMOC ORTEGA (Bar No. 257443)
   Federal Public Defender
2  TERRA D. CASTILLO LAUGHTON (Bar No. 321683)
   (E-Mail: Terra_Laughton@fd.org)
3  Deputy Federal Public Defender
   411 W. Fourth St., Suite 7110
4  Santa Ana, California 92701
   Telephone: (714) 338-4500
5  Facsimile: (714) 338-4520

6  Attorneys for Defendant
   Adrian Benavides-Schorgi

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| UNITED STATES OF AMERICA, | Case No. 2:23-cr-00164-JVS |
|---|---|
| Plaintiff, | **DEFENDANT'S PARTIAL OPPOSITION TO GOVERNMENT'S *EX PARTE* APPLICATION FOR A PROTECTIVE ORDER; EXHIBITS** |
| v. | |
| ADRIAN BENAVIDES-SCHORGI, | |
| Defendant. | |

Defendant Adrian Benavides-Schorgi by and through his attorneys of record, Deputy Federal Public Defender Terra Castillo Laughton, hereby submits this partial opposition to the government's *Ex Parte* Application for a protective order regarding discovery containing personal identifying information and medical materials. *See* ECF No. 17.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: May 23, 2023      By  */s/ Terra D. Castillo Laughton*
                             TERRA CASTILLO LAUGHTON
                             Deputy Federal Public Defender

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The defense does not object to the appropriateness of a protective order in this case and has agreed to nearly all of the government's proposed order. *See* ECF No. 17-1. The defense, however, objects to one proposed term--the burdensome requirement in Paragraph 4(l) that any witnesses or potential witnesses must agree "in writing" to be bound by the protective order before being shown confidential information (hereinafter, the "in-writing requirement")--because it impedes Mr. Benavides-Schorgi's Constitutional rights to call witnesses at trial and present a defense. *See* ECF No. 17-1, ¶4(l). The government insists on this provision despite having repeatedly and recently lost on this issue. For example, this Court rejected an identical in-writing requirement in *United States v. Triefenbach*, No. 8:21-cr-00133-JVS, as have many other courts in this District. *See* Exhibit B attached hereto (protective order entered in *Triefenbach* over similar defense objection).

For the reasons explained below, the government has failed to meet its burden of showing good cause for the in-writing requirement. The defense therefore respectfully requests this Court modify Paragraph 4(l) of the government's proposed protective order as outlined below in Part III.C: namely, to allow potential witnesses to agree orally to be bound by the protective order and to require the defense to keep a log memorializing these agreements.

## II. LEGAL STANDARD

Under Rule 16, a court may, "for good cause, deny, restrict, or defer discovery or inspection or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). Good cause for a protective order requires a particularized and specific showing of need. *See United States v. Bulger*, 283 F.R.D. 46, 52 (D. Mass. 2012). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing." *United States v. Wecht*, 484 F.3d 194, 211 (3d Cir. 2007).

# III. ARGUMENT

### A. This Court Should Reject The Government's In-Writing Requirement.

The government makes two primary arguments: (1) the in-writing requirement is not burdensome on the defense; and (2) an oral agreement by witnesses is insufficient. Both arguments fail.

#### 1. The in-writing requirement would significantly burden the defense.

Courts generally disfavor rules that hinder a defendant from calling witnesses in his favor. *See, e.g.*, *James v. Illinois*, 493 U.S. 307, 314-15 (1990) (a prosecutor cannot impeach a defense witness with illegally obtained evidence due to the chilling effect on the defendant's ability to call witnesses in his favor). The in-writing requirement set forth at Paragraph 4(l) unduly burdens the defense's ability to investigate the case and provide effective assistance of counsel and, in turn, Mr. Benavides-Schorgi's Constitutional right to call witnesses in his favor and present a defense. Contrary to the government's view, the in-writing requirement poses far more than a "minimal burden" or "minor inconvenience." ECF No. 17 at 5-6. It significantly intrudes on the defense team's ability to do its job and vindicate its client's rights.

Attempting to speak with witnesses is often a delicate, one-shot opportunity. Many witnesses are already reluctant to discuss a case. They are likely to be even more hesitant if they are asked to sign onto an eight-page legal document filled with legal terminology. Unlike the government, the defense team does not have the persuasive authority of a law enforcement badge or the ability to confer immunity to persuade witnesses to speak.

Moreover, requiring the defense to obtain a witness's written agreement puts defense counsel in the difficult position of potentially being asked to give legal advice-- to a witness she does not represent--about the ramifications of signing a court order. This can easily lead to the misimpression that the defense team is working in tandem with the government and collecting information on its behalf, a view already held by

many marginalized communities. This further chills witness participation for the defense.

Nor does it comport with due process that the government is not bound by a similar requirement when it approaches witnesses. *See, e.g.*, *United States v. Bahamonde*, 445 F.3d 1225, 1228-29 (9th Cir. 2006) (unconstitutional to require the defense to set forth in writing the nature and relevance of testimony it sought from a Department of Homeland Security employee without requiring the same from the government). Nowhere does the government's proposed protective order require any of *its* agents to comply with an in-writing requirement when approaching witnesses with Confidential Materials.[1]

    2.    <u>The government offers no support for the purported risks of an oral agreement to be bound.</u>

Fundamentally, the government's brief fails to provide *any* concrete examples of witnesses disclosing confidential information. Rather, it offers various worst-case scenarios that the government asserts could stem from the defense's proposed alternative. These concerns are speculative and fail even on their own terms.

*First*, the government claims that eliminating the in-writing requirement will substantially weaken the protective order, that only a written acknowledgment conveys the "seriousness" of the order, and that an in-writing requirement is necessary to ensure that individuals are "clearly and adequately informed." ECF No. 17 at 4. Not so. Under both the government's and the defense's proposed language for Paragraph 4(l), the defense team is required to "inform[]" potential witness of the requirements of the protective order. Members of the defense team work at the direction of counsel, who are officers of the court, and there is no reason to assume those individuals will provide

---

[1] Although government counsel is correct that it offered to make the in-writing requirement reciprocal, ECF No. 17 at 3, the defense maintained its objection because a reciprocal requirement does not address the defense's concern regarding burdens on its ability to investigate its case, given its duty to provide effective assistance of counsel.

insufficient or inconsistent explanations to potential witnesses.

*Second*, the government baldly asserts that an oral agreement to be bound risks that witnesses will "misinterpret (or misremember)" the protective order's provisions. To the contrary: witnesses are more likely to understand the requirements of the protective order when they are advised and agree orally, rather than asked to sign an eight-page document filled with legalese and drafted for use by legal professionals and their clients.

*Third,* to the extent there is any risk that members of the defense team will forget to advise potential witnesses regarding the protective order or that witnesses will deny that they were apprised of its contents, ECF No. 17 at 5, the defense's proposal to keep a log memorializing these conversations addresses this concern. *See* Part III.C. below.

The government's speculative claims about the risks of an oral agreement to be bound fail to establish good cause for the in-writing requirement. *See United States v. Arredondo*, 2012 WL 1946955 (D. Ariz. May 30, 2012) (rejecting joint request for protective order where parties failed to show "specific prejudice or harm" that would result absent the order).

### B. Courts in this District, Including This Court, Have Rejected the In-Writing Requirement.

This Court rejected an identical in-writing requirement in *United States v. Triefenbach*, No. 8:21-cr-00133-JVS. *See* Exhibit A (Proposed Protective Order) at ¶4(k). The defense objected on substantially similar grounds as those raised here, and the court entered a protective order allowing potential witnesses to simply "agree to be bound" by its provisions, including via oral agreement. *See* Exhibit B at ¶4(k). The government attempts to distinguish *Triefenbach* on the ground that, unlike this case, it involved a confidential informant ("CI"). *See* ECF No. 17 at 7. But this cuts against the government's position, as privacy and safety concerns may be more heightened in cases involving CIs than in a case involving personal identifying information ("PII") of victims, and the Court still deemed an oral agreement sufficient. *See generally Roviaro*

*v. United States*, 353 U.S. 53, 59 (1957) (discussing the Government's privilege to withhold informant's identities).[2]

  Moreover, this Court's decision in *Triefenbach* is consistent with the rulings of many other courts in this District. For example, Judge Carney recently rejected an in-writing requirement, finding that it "imposes an undue burden" on the "already challenging" task of securing information or cooperation from defense witnesses. *See United States v. Vargas-Aldaco*, No. 2:22-cr-00520-CJC, ECF No. 65 at 7 (March 21, 2023 order describing the requirement as "a burdensome and chilling condition"). Many other courts have similarly rejected the in-writing requirement and replaced it with a less restrictive, but still protective, requirement that the defense team obtain an oral agreement to be bound and keep a log, which is the solution the defense proposes here. *See, e.g., United States v. Barrow*, No. 20-cr-00563-VAP, ECF No. 42 at ¶5(m) (C.D. Cal. Mar. 15, 2021); *United States v. Calvin*, No. 22-cr-00134-JLS, ECF No. 26 at ¶6(l) (C.D. Cal. Jun. 6, 2022); *United States v. Lam*, No. 20-cr-00283-FMO, ECF No. 30 at ¶6 (C.D. Cal. May 14, 2021); *United States v. Albertson*, No. 18-cr-712-DMG, ECF No. 24 (C.D. Cal. Sept. 3, 2019); *United States v. Cisneros*, No. 18-cr-00875-JAK, ECF No. 22 at ¶4(g) (C.D. Cal. Mar. 13, 2019; *United States v. Walsh*, No. 21-cr-00068-SB, ECF No. 28 at ¶4(k) (C.D. Cal. Mar. 29, 2021).

  **C. The Court Should Modify the Government's Proposed Protective Order to Allow for Oral Agreement by Potential Witnesses.**

  The defense respectfully requests that the Court modify Paragraph 4(l) of the government's proposed protective order as follows:

---

[2] For similar reasons, this Court's order permitting an in-writing requirement in *United States v. Kim*, No. 8:21-cr-00041-JVS, which also involved a confidential informant, is inapposite because of the potentially heightened concerns related to CIs, which are not present here. *See United States v. Kim*, No. 8:21-cr-00041-JVS, ECF No. 22 (government's ex parte application relying on confidential informant or cooperating witness materials as basis for protective order). In any event, the defense maintains that this Court's ruling in *Triefenbach* is the appropriate resolution of this issue.

REPLACE: Before being shown any portion of Confidential Information, however, any witness or potential witness must be informed of, and agree in writing to be bound by, the requirements of the Protective Order.

WITH: Before being shown any portion of Confidential Information, however, any witness or potential witness must be informed of, and agree <u>orally</u> to be bound by, the requirements of the Protective Order. <u>The Defense Team will maintain a log memorializing that such notice was provided to the witness and that the witness agreed verbally to be bound by the terms and conditions of this Protective Order.</u>

## IV. CONCLUSION

For the foregoing reasons, Mr. Benavides-Schorgi respectfully requests that the Court modify the government's proposed protective order as outlined in Part III.C above.

Respectfully submitted,
CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: May 23, 2023          By  */s/ Terra D. Castillo Laughton*
                                 TERRA CASTILLO LAUGHTON
                                 Deputy Federal Public Defender

7