E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JEREMY K. BEECHER (Cal. Bar No. 301272)
Assistant United States Attorney
General Crimes Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-5429
    Facsimile: (213) 894-0141
    E-mail:    jeremy.beecher@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:23-cr-00164(A)-JVS |
|---|---|
|     Plaintiff, | PLEA AGREEMENT FOR DEFENDANT ADRIAN BENAVIDES-SCHORGI |
|        v. | |
| ADRIAN BENAVIDES-SCHORGI, | |
|     Defendant. | |

1.   This constitutes the plea agreement between ADRIAN
BENAVIDES-SCHORGI ("defendant") and the United States Attorney's
Office for the Central District of California (the "USAO") in the
above-captioned case.  This agreement is limited to the USAO and
cannot bind any other federal, state, local, or foreign prosecuting,
enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

    a.   Give up the right to indictment by a grand jury and,
at the earliest opportunity requested by the USAO and provided by the
Court, appear and plead guilty to a single-count first superseding

information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with distribution of fentanyl, a schedule II narcotic drug controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C).

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.   Recommend that defendant be sentenced to a term of imprisonment of no less than 120 months and not seek, argue, or suggest in any way, either orally or in writing, that the Court impose a term of imprisonment below 120 months.

i.   Agree to and not oppose the imposition of the following conditions of probation or supervised release:

i.   A condition requiring defendant to submit to a search, at any time, with or without a warrant, and by any law enforcement or probation officer, of defendant's person and any

property, house, residence, vehicle, papers, computer, other
electronic communication or data storage devices or media, and
effects, upon reasonable suspicion concerning a violation of a
condition of probation or unlawful conduct by defendant, or by any
probation officer in the lawful discharge of the officer's
supervision functions.

THE USAO'S OBLIGATIONS

3.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained
in this agreement.

c.   At the time of sentencing, move to dismiss the
underlying indictment as against defendant.  Defendant agrees,
however, that at the time of sentencing the Court may consider any
dismissed charges in determining the applicable Sentencing Guidelines
range, the propriety and extent of any departure from that range, and
the sentence to be imposed.

d.   At the time of sentencing, provided that defendant
demonstrates an acceptance of responsibility for the offense up to
and including the time of sentencing, recommend a two-level reduction
in the applicable Sentencing Guidelines offense level, pursuant to
U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an
additional one-level reduction if available under that section.

e.   Not seek a sentence of imprisonment above the mid-
point of the applicable Sentencing Guidelines range, provided that
the offense level used by the Court to determine that range is 35 or
higher and provided that the Court does not depart downward in
offense level or criminal history category.  For purposes of this

agreement, the mid-point of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

## NATURE OF THE OFFENSE

4.    Defendant understands that for defendant to be guilty of the crime charged in the single-count first superseding information, that is, distribution of fentanyl, a schedule II narcotic drug controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), the following must be true:  (1) defendant knowingly distributed a Schedule II narcotic drug controlled substance; and (2) defendant knew that it was a federally controlled substance.

"Distribution" means delivering or transferring possession of fentanyl to another person, with or without any financial interest in that transaction.  It does not matter whether defendant knew that the substance was fentanyl.  It is sufficient that defendant knew that it was some kind of a federally controlled substance.

## PENALTIES

5.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), as charged in the single-count first superseding information, is:  20 years' imprisonment; a lifetime period of supervised release; a fine of $1,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6.    Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) is:  a three-year period of supervised release; and a mandatory special assessment of $100.

7.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9.    Defendant understands that under 21 U.S.C. § 862a, defendant may not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or assistance received by defendant's family members may be reduced to reflect defendant's ineligibility.

10.   Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

<u>FACTUAL BASIS</u>

11.   Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 14 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On or about May 24, 2022, in Los Angeles County, California, within the Central District of California, defendant knowingly

6

distributed a controlled substance to another person.  Specifically, that evening, defendant knowingly and intentionally sold three pills to minor victim S.S.  Defendant knew the pills contained a federally controlled substance.  Defendant did not know the pills contained fentanyl.  The pills in fact contained fentanyl.  S.S., together with minor victims E.M. and J.V., then ingested the pills, resulting in each of their hospitalization and serious bodily injury.

<u>SENTENCING FACTORS</u>

12.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and up to the maximum set by statute for the crime of conviction.

13.  Pursuant to U.S.S.G. §§ 1B1.2(a) and (c), the parties stipulate that defendant committed a separate violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (distribution of controlled substances resulting in serious bodily injury), in that, on or about May 24, 2022, defendant knowingly distributed fentanyl, the use of which resulted in the serious bodily injury of minor victims S.S., E.M., and J.V., and that such distribution of fentanyl resulting in serious bodily injury constitutes a more serious offense than the

offense of conviction for purposes of calculating the applicable
Sentencing Guidelines offense level.  Accordingly, pursuant to
U.S.S.G. §§ 2D1.1(a)(2), 1B1.2(a) and 1B1.2(c), the parties stipulate
that the Court should calculate the Sentencing Guidelines as if
defendant had been convicted of the offense described in this
paragraph and apply a base offense level 38.  The parties further
stipulate that application of such a base offense level is
independently supported by U.S.S.G. § 5K2.1.  Defendant agrees not to
recommend, argue, or otherwise suggest, orally or in writing, that
the court impose a base offense level other than 38.

14.  Defendant and the USAO agree to the following applicable
Sentencing Guidelines factors:

Base Offense Level:                    38        U.S.S.G. § 2D1.1(a)(2)
The USAO will agree to a two-level downward adjustment for acceptance
of responsibility (and, if applicable, move for an additional one-
level downward adjustment under U.S.S.G. § 3E1.1(b)) only if the
conditions set forth in paragraph 3(d) are met and if defendant has
not committed, and refrains from committing, acts constituting
obstruction of justice within the meaning of U.S.S.G. § 3C1.1, as
discussed below.  Subject to paragraph 27 below, defendant and the
USAO agree not to seek, argue, or suggest in any way, either orally
or in writing, that any other specific offense characteristics,
adjustments, or departures relating to the offense level be imposed.
Defendant agrees, however, that if, after signing this agreement but
prior to sentencing, defendant were to commit an act, or the USAO
were to discover a previously undiscovered act committed by defendant
prior to signing this agreement, which act, in the judgment of the
USAO, constituted obstruction of justice within the meaning of

8

U.S.S.G. § 3C1.1, the USAO would be free to seek the enhancement set forth in that section and to argue that defendant is not entitled to a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1.

15.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

16.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7), subject to paragraphs 2(h), 3(e) and 13 above.

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

17.   Defendant understands that by pleading guilty, defendant gives up the following rights:

   a.   The right to persist in a plea of not guilty.

   b.   The right to a speedy and public trial by jury.

   c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.   Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

   d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

   e.   The right to confront and cross-examine witnesses against defendant.

     f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

     g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

     h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

WAIVER OF APPEAL OF CONVICTION AND COLLATERAL ATTACK

18.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

19.   Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of

facts provided herein is insufficient to support defendant's plea of guilty.

LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

20.  Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction within or below the Sentencing Guidelines range corresponding to an offense level of 35, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence, with the exception of the Court's calculation of defendant's criminal history category; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7); and any conditions of probation or supervised release agreed to by defendant in paragraph 2 above.

21.  The USAO agrees that, provided (a) all portions of the sentence are at or above the statutory minimum and at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 120 months, the USAO gives up its right to appeal any portion of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

22.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

23.  Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

24.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

25.  Defendant agrees that if defendant, at any time after the effective date of this agreement, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a

breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.  If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

26.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.  Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.  Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.  Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under

the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</u>

<u>OFFICE NOT PARTIES</u>

27.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

28.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 14 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

29.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.   Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

30.   Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//

//

//

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

31.   The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE FOR
THE CENTRAL DISTRICT OF CALIFORNIA

E. MARTIN ESTRADA
United States Attorney


_____          January 23, 2024
JEREMY K. BEECHER                         _____
Assistant United States Attorney          Date


_____          1/19/24
ADRIAN BENAVIDES-SCHORGI                   _____
Defendant                                  Date


_____          1/19/24
TERRA CASTILLO LAUGHTON                     _____
Attorney for Defendant ADRIAN              Date
BENAVIDES-SCHORGI

16

<u>CERTIFICATION OF DEFENDANT</u>

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____            1/19/24
ADRIAN BENAVIDES-SCHORGI                    Date
Defendant

17

### CERTIFICATION OF DEFENDANT'S ATTORNEY

I am ADRIAN BENAVIDES-SCHORGI's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_Terra Castillo Laughton_ ___1/19/24___
TERRA CASTILLO LAUGHTON                  Date
Attorney for Defendant ADRIAN
BENAVIDES-SCHORGI

# Exhibit A

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>ADRIAN BENAVIDES-SCHORGI,<br><br>        Defendant. | No. 2:23-cr-00164(A)-JVS<br><br>F I R S T<br>S U P E R S E D I N G<br>I N F O R M A T I O N<br><br>[21 U.S.C. §§ 841(a)(1),<br>(b)(1)(C): Distribution of<br>Fentanyl] |

The United States Attorney charges:

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about May 24, 2022, in Los Angeles County, within the

Central District of California, defendant ADRIAN BENAVIDES-

//

//

//

//

//

//

1  SCHORGI knowingly and intentionally distributed fentanyl, a

2  Schedule II narcotic drug controlled substance.

3

4                              E. MARTIN ESTRADA
                               United States Attorney

5                              MACK E. JENKINS
                               Assistant United States Attorney

6                              Chief, Criminal Division

7

8

9                              SCOTT M. GARRINGER
                               Assistant United States Attorney
                               Deputy Chief, Criminal Division

10

11                             JOANNA M. CURTIS
                               Assistant United States Attorney
                               Chief, General Crimes Section

12

13                             JEREMY K. BEECHER
                               Assistant United States Attorney
                               General Crimes Section

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28